UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

Brian B. Corriette                                                      Case No. 22-70202-AST
                                                                              Chapter 13


                                             Debtor.
----------------------------------------------------------X

## ORDER MODIFYING THE AUTOMATIC STAY
## AND GRANTING IN REM RELIEF AS TO
## 190 E. SUNRISE HIGHWAY, FREEPORT, NY

This is Debtor Brian Corriette's (the "Debtor") third individual Chapter 13 bankruptcy filed under the Bankruptcy Code. Debtor filed a pro-se Chapter 13 case on June 5, 2009 (09-74079-REG) which was automatically dismissed on July 31, 2009, pursuant to Section 521(i). Debtor filed his second chapter 13 case on August 21, 2018 (18-75667-AST) (the "2018 Chapter 13"). By Order dated January 31, 2019, this Court dismissed Debtor's second case with prejudice, and barred the Debtor from refiling under any chapter for six months. On February 7, 2022, Debtor filed this, his third chapter 13 case.

Debtor has also been at the center of multiple other bankruptcy filings with this Court for an entity known as D&G Construction Dean Gonzalez, LLC, of which Debtor was a member ("D&G"). The D&G cases all revolved around a parcel of real estate located at 3378 Hewlett Avenue, Merrick, NY 1156 (the "Merrick Property"). The Merrick Property has been the subject of numerous disputes both in this Court and related NYS Court Proceedings. In Debtor's 2018 bankruptcy case, he represented that the Merrick Property was his sole asset.

This Order concerns a previously undisclosed property, located at 190 E. Sunrise Highway, Freeport, NY (the "Freeport Property"). For the reasons to follow, movant Kitty Holding Corp. ("KHC") is granted stay relief and in rem stay relief.

*Multiple filings related to the Merrick Property*

As set out in several Orders of his Court, on August 2, 2018, Debtor and his company D&G received a third notice of foreclosure and sale of the Merrick Property, scheduled for August 21, 2018. Prior to the third scheduled foreclosure sale, Debtor and D&G filed Emergency Orders with the state court seeking to stay the foreclosure sale, which were denied. On the same day of the scheduled foreclosure sale, the sale was conducted, and Debtor filed the 2018 Chapter 13. Debtor claimed a direct interest in the Merrick Property in his 2018 Chapter 13.

On August 30, 2018, Audrey Thomas began appearing as counsel for Debtor.

On August 31, 2018, Debtor filed an emergency motion with this Court, seeking an immediate stay of the sale, transfer, or disposition of the Merrick Property.

On September 18, 2018, the Court issued a decision on the record, granting stay relief, and stated in part:

> Mr. Corriette was clearly attempting to gain [*sic* game] the system to use the bankruptcy process for the purposes for which it was not intended, which was to continue to attempt to delay a lender from seeking to exercise their state law remedies…In light of the two prior D&G filings and those having been dismissed with prejudice, given the delays sought by Mr. Corriette, both through himself, personally, and through D&G before the State Court seeking to stop the foreclosure sale, given that he sought relief from the State Court, which was denied on the day he filed this bankruptcy case and resulted in him filing this bankruptcy case, the Court finds both compelling and exceptional circumstances to annul the stay, effective as of the petition date and time, if the stay in fact ever went into effect.

[2018 Chapter 13 Dkt. Item 46 (transcript of hearing, pages 20-21)]

On January 31, 2019, the Court issued an Order dismissing Debtor's 2018 Chapter 13 with prejudice and barring him from refiling under any chapter for a period of 180 days, in accordance with § 109(g)(2) [2018 Chapter 13 Dkt. Item 68].

On March 18, 2020, Debtor's appeal from the prejudicial dismissal of his 2018 Case was rendered moot and dismissed by the U.S. District Court [2018 Chapter 13 Dkt. Item 72].

On June 7, 2021, with the foreclosure sale of the Merrick Property having been completed, the state court issued a Decision and Order directing Debtor and D&G to remove all property located at the Merrick Property within ten (10) days. After the state court denied Debtor's motion for emergency relief from the eviction order and the Sheriff of Nassau County served a notice to vacate the Merrick Property, D&G filed its third chapter 11 case to stop the eviction (Case No. 21-71463) (the "2021 Chapter 11"). This Court ultimately dismissed the 2021 Chapter 11 as a bad faith filing and sanctioned Debtor, D&G, and Ms. Thomas for violating Bankruptcy Rule 9011 (the "2021 Chapter 11 Decision"). The 2021 Chapter 11 Decision held that D&G's 2021 Chapter 11 case was filed solely to delay creditors' lawful exercise of state law rights and attack final orders of other courts with respect to the Merrick Property [2021 Chapter 11 Dkt. Item 65].

On January 12, 2022, the U.S. District Court dismissed Debtor and Ms. Thomas' appeal of the Court's 2021 Chapter 11 Decision.

On April 1, 2022, Debtor and Ms. Thomas' appeal to the Second Circuit was dismissed.

Notwithstanding this Court's 2021 Chapter 11 Decision and undeterred by being sanctioned, on February 7, 2022, one day before Debtor was scheduled to be evicted from the Merrick Property, Debtor filed this Chapter 13 petition (the "2022 Chapter 13").

*The 190 E. Sunrise Highway, Freeport, NY Property*

During the course of this 2022 Chapter 13, KHC filed a stay relief motion alleging that Debtor has been at the center of three additional bankruptcy cases concerning another property as to which Debtor had not previously undisclosed a connection [Dkt. Item 30]. Debtor, as an

officer of Zoe Holdings, LLC, filed three previous bankruptcy cases to gain the benefit of the automatic stay and stop KHC's efforts to obtain possession of the property located at 190 E. Sunrise Highway, Freeport, NY (the "Freeport Property").

On August 3, 2015, Zoe Holdings filed a chapter 7 petition, which Debtor signed as an "operating manager." (15-73300-REG) (the "First Zoe Case"). A final decree was issued in the First Zoe Case.

On January 28, 2020, Zoe Holdings filed a pro se chapter 11 petition (20-70601-REG) (the "Second Zoe Case"). Debtor signed that petition as an "officer" of Zoe Holdings. The Second Zoe Case was filed without schedules. The United States Trustee's Motion to Dismiss was granted and the Second Zoe Case was dismissed on February 13, 2020.

On March 1, 2020, three weeks after the Second Zoe Case was dismissed, Zoe Holdings filed another chapter 11 petition (20-71326-REG) (the "Third Zoe Case"). Debtor signed the petition as an "officer" of Zoe Holdings, and Audrey Thomas signed as counsel.

On April 16, 2020, KHC's motion for relief from the automatic stay was granted in the Third Zoe Case. That Order expressly provides that "the automatic stay in effect pursuant to 11 U.S.C. §362 (a) is hereby modified pursuant to 11 U.S.C. §362(d)(1) as to Kitty Holding Corp., its agents, assigns or successors-in-interest, so that Kitty Holding Corp, its agents, assigns or successors-in-interest may pursue its rights under applicable law with respect to the [Freeport Property], including but not limited to, continuation of the pending eviction proceeding in regard to the [Freeport Property].".

On May 21, 2020, the U.S. Trustee's Motion to dismiss was granted and the Third Zoe Case was dismissed.

Neither Zoe Holdings nor Debtor owns the Freeport Property, nor is neither a party to a lease with KHC. However, KHC asserts that this filing has stayed KHC from obtaining rightful possession of the Freeport Property. Cause exists to grant KHC relief from the automatic stay to permit KHC to exercise its state law remedies unimpeded by more bankruptcy filings.

In response, Debtor does not dispute the existence of the prior bankruptcy filings nor the existence of on-going state court litigation [Dkt. Item 40]. In fact, Debtor specifically refers to the following cases which counsel says she reviewed: Nassau County Supreme Court landlord tenant litigations under Index 609098/2020 and 604461/2019; Nassau County District Court landlord tenant litigation under Nassau County Index number LT-004486/2018; and litigation pending in the Second Department Appellate Division under case number 2020-08461.

*State Court Background of the Freeport Property*

The undisputed facts before this Court now are that for several years, Zoe Holdings was on the verge of losing the Freeport Property due to substantial tax liens dating back to 2012. On July 27, 2016, during the First Zoe Case, the mortgage holder at that time obtained stay relief with respect to the Freeport Property. After the First Zoe Case was closed, Zoe Holdings remained behind on its mortgage payments. To prevent foreclosure, Zoe Holdings transferred its interest in the Freeport Property to KHC for $800,000.00 by deed dated May 26, 2017. With the sale proceeds, KHC paid the tax liens, satisfied existing mortgages, and paid closing expenses.

Although KHC obtained title to the Freeport Property almost five years ago, it has continued to be excluded from possession of the Premises resulting from the extensive litigation with Debtor and Zoe Holdings. KHC obtained a judgment of possession and warrant of eviction on March 7, 2019, from the Nassau County District Court- 1st District. Further litigation ensued,

including several orders to show cause, motions to vacate, motions to reargue, and appeals, as well as the stays created by the multiple bankruptcy filings of Zoe Holdings.

Debtor has no legal interest in the Freeport Property; he is simply a holdover squatter. Even though Debtor has no ownership or leasehold interest, however, he now claims a 50% equity interest in KHC. Further, while Debtor has now disclosed a secured claim held by KHC against the Freeport Property in his Schedule D, he does not claim a direct interest in the Freeport Property in his Schedules. Notably, Debtor did not claim any interest in KHC, nor make any reference to the Freeport Property in his 2018 Chapter 13 Schedules.

Debtor's response to the KHC Motion, through affidavits he and Ms. Thomas signed, make clear they are once again seeking to relitigate before this Court multiple issues that have either been finally litigated in the state courts or arise in lawsuits Debtor and/or Zoe Holdings wish to litigate in state court, such as a constructive trust claim as to the Freeport Property.[1] Despite on the record discussions of the *Rooker-Feldman* doctrine, Debtor and particularly Ms. Thomas fail to appreciate that the federal bankruptcy court is not the court of appeals over the state court for litigation which has been adversely decided against Debtor. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Any cognizable issues of state law that Debtor desires to raise may be brought, if appropriate, before the state courts.

*Cause exists to terminate the stay*

Cause exists to terminate the stay pursuant to Section 362(d)(1) for cause, to the extent it even applies, because Debtor has at most a possessory, non-ownership, non-leasehold interest in the Freeport Property. If he owns an interest in KHC, he can litigate that in state court as well,

---

[1] Debtor requested the ability to file further responsive pleadings by April 4, 2022. Nothing new was filed other than a request to dismiss this 2022 Chapter 13 [Dkt. Item 43].

unless his current case is converted to chapter 7, in which case the trustee can investigate that

potential asset. Further, extensive litigation over state law claims has been on-going for several

years and these matters can be finalized before the state courts. *See In re Sonnax Indus., Inc.*, 907

F.2d 1280 (2d Cir. 1990).

*Cause exists to grant in rem relief*

Due to Debtor and Zoe Holdings' multiple bankruptcy previous filings and this filing,

KHC is entitled to in rem relief. Section § 362(d)(4) authorizes this Court to order that, if

recorded in compliance with applicable state laws governing notices of interests or liens in real

property, this order may be made binding in any other bankruptcy case filed hereafter that

purports to affect the Freeport Property for up to two (2) years. To obtain this relief, KHC bears

the burden of showing that the various petitions filed by Debtor and Zoe Holdings are part of a

scheme to hinder, delay and defraud KHC under Section 362(d)(4)(B). *In re Montalvo*, 416 B.R.

381, 386 (Bankr. E.D.N.Y. 2009).

This and other courts have held that a bankruptcy court can infer an intent to hinder,

delay and defraud from the fact of serial filings alone. *Id*; *see also In re Pellechia,* 617 B.R. 750,

759 (Bankr. D. Conn. 2020), *reconsideration denied*, No. 19-21972 (JJT), 2020 WL 6811970

(Bankr. D. Conn. July 28, 2020) (Bankruptcy courts may "infer an intent to hinder, delay, and

defraud creditors from the fact of serial filings alone."); *see also In re Richmond*, 513 B.R. 34, 38

(Bankr. E.D.N.Y. 2014) ("The extent of the efforts by a debtor to prosecute his bankruptcy case

and the '[t]he timing and sequencing of the filings' are important factors in determining whether

a debtor has engaged in 'a scheme to delay, hinder, and defraud.'").

Here, Debtor and Zoe Holdings have exhibited an abuse of the bankruptcy process

through their multiple filings to prevent the foreclosure of and/or eviction from the Freeport

Property. This is at least the fourth filing affecting the Freeport Property and Zoe Holdings/Debtor have used a tag-team approach to frustrate KHC's efforts to obtain possession of the Freeport Property. Debtor is a holdover tenant or squatter with no enforceable interest in the Freeport Property; and therefore, the Freeport Property is not available to "reorganize" under a potential chapter 13 plan.

Based on the above, it is hereby

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d)(1) for cause, as to KHC, its agents, assigns or successors in interest, so that KHC, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Freeport Property; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable state laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect the Freeport Property filed not later than two (2) years after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.

.



Dated: April 5, 2022
Central Islip, New York

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**